# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-20916
Summary Calendar

LAZARO MENDIVE GONZALEZ,

Plaintiff-Appellant,

versus

ROBERT A. WALLIS, MITCH DeLEON, DOC CRANTS,
PAM FUGAZZI, FRED JOACHIM, and P. HAMMONDS,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-93-CV-2126)

July 1, 1998

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lazaro Mendive Gonzalez appeals the dismissal of his 42 U.S.C. § 1983 civil

rights action and the denial of his petition for a writ of habeas corpus under 28

U.S.C. § 2241. For the reasons assigned, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

## BACKGROUND

Gonzalez, proceeding *pro se* and *in forma pauperis*, is an alien who arrived in the United States in 1980 during the boatlift from Mariel Harbor, Cuba. Although a decision was made to exclude the Mariel Cubans, Cuba refused to accept their return and they were granted immigration parole. In 1988, Gonzalez was convicted of a third-degree felony assault in Texas and sentenced to five years imprisonment. Upon completion of his sentence, Gonzalez was released into the custody of the Immigration and Naturalization Service. After a hearing, he was ordered excluded. Gonzalez has since remained incarcerated by the INS in several correctional institutions.

In 1993, invoking § 1983, Gonzalez filed the instant action against various INS and Corrections Corporation of America officials, alleging illegal detention and inadequate medical care. The district court granted Gonzalez IFP status and ordered service on three CCA officials; Doc Crants, Pam Fugazzi, and Fred Joachim. Thereafter, Gonzalez filed numerous supplemental pleadings in which he expanded his claims to include the medical conditions at facilities where he subsequently was housed, as well as denial of access to the courts, failure to protect, and excessive force. In September 1995, Gonzalez reiterated his § 1983 claims, and his illegal detention claims, in a petition for habeas corpus under 28

2

U.S.C. § 2241.

Gonzalez does not challenge his Texas criminal conviction or the exclusion order, but contends that his continued detention is illegal. He also maintains that he did not timely receive medical attention and that his hernia was not properly treated. After undergoing surgery for his hernia, he decries the medical accommodations and claims that he was forced to work.

The defendants moved for summary judgment and Gonzalez filed several responses, clarifications, and supplements. On August 8, 1996, the district court entered an order of partial dismissal, finding that Gonzalez was not being detained illegally and dismissing this claim under 28 U.S.C. § 1915(e). The court also granted Crants, Fugazzi, and Joachim summary judgment, finding that they were not responsible parties. The court thereafter granted the defendants summary judgment on the inadequate medical care claims up to the time of the hernia surgery, finding no evidence of deliberate indifference. The court retained the claims that the defendants had been deliberately indifferent to Gonzalez's medical needs immediately after his hernia surgery when he allegedly was not provided a bed and was forced to mop the floors. Other claims, including denial of access to courts, failure to protect, and use of excessive force were found to be claims against entities not parties to this action, and were dismissed without prejudice.

Gonzalez filed an appeal which we dismissed for lack of jurisdiction. Thereafter, the trial court conducted a **Spears**[1] hearing on the remaining claims and found that the allegations failed to demonstrate deliberate indifference and constituted merely episodic acts. The court dismissed the remaining claims under § 1915(e)(2)(B)(ii) and Gonzalez timely appealed.

## ANALYSIS

Upon a *de novo* review,[2] we conclude that the habeas petition was denied properly and that the § 1983 action properly was dismissed for the reasons stated by the district court in its Memorandum on Partial Dismissal and at the **Spears** hearing. It is now well settled that continuing federal custody of Mariel Cubans, like Gonzalez, is within statutory authority and does not violate constitutional protections.[3] As to the inadequate medical care claims, the record is devoid of sufficient allegations that prison officials were deliberately indifferent to his serious

---

[1] **Spears v, McCotter**, 766 F.2d 179 (5th Cir. 1985).

[2] **Gisbert v. U.S. Attorney General**, 988 F.2d 1437 (5th Cir.), *amended*, 997 F.2d 1122 (5th Cir. 1993) (dismissal of habeas corpus petition reviewed *de novo*); **Black v. Warren**, 134 F.3d 732 (5th Cir. 1998) (section 1915(e)(2)(B)(ii) dismissal reviewed *de novo*); **Martin v. Memorial Hosp. at Gulfport**, 130 F.3d 1143 (5th Cir. 1997) (grant of summary judgment reviewed *de novo*).

[3] **Gisbert**, 988 F.2d 1437 (5th Cir.), *amended*, 997 F.2d 1122 (5th Cir. 1993). Although the district court did not specifically mention Gonzalez' habeas petition when addressing the illegal detention claim, the challenges in the § 1983 pleadings were the same as those raised in the habeas petition.

medical needs, an essential element for such claims.[4]

The judgment appealed is AFFIRMED; MOTIONS DENIED.

_____

[4] **Estelle v. Gamble**, 429 U.S. 97 (1976). The pleadings and Gonzalez' testimony at the **Spears** hearing reveal that Gonzalez received treatment when requested, the post-surgery facilities were adequate, and Gonzalez was not forced to work.